[S. F. No. 3529. Department Two.—October 9, 1905.]

## THOMAS SEALE, Respondent, v. DAN McCARTHY Respondent.

LIEN FOR PASTURING STOCK — CONSTRUCTION OF CODE — GENERAL BUSINESS.—Section 3051 of the Civil Code expressly and unconditionally gives a lien for pasturing stock, dependent upon possession. It is not necessary to the enforcement of such lien that the plaintiff should be engaged in the general business of pasturing stock.

ID.—DEMAND FOR SUM DUE—REFUSAL — CONTINUED PASTURAGE — ENFORCEMENT OF LIEN.—Where, at a specified time before suit, a certain sum was due to plaintiff for pasturing the defendant's horses, and the defendant then refused a demand of plaintiff that he pay said sum and remove the horses, the plaintiff was com-

pelled to retain the possession of the horses and continue to furnish them with pasturage or lose his lien. It is sufficient that he commenced his action to enforce the lien within a reasonable time thereafter, and the court found the value of the continued pasturage.

ID. — TENDER BY DEFENDANT AFTER SUIT — INSUFFICIENT CROSS-COMPLAINT.—A cross-complaint of the defendant averring a tender after suit of the same sum which defendant refused to pay before suit, and claiming damages for refusal of plaintiff to accept such tender, which does not aver that the sum so tendered was the full amount then due, does not state a cause of action in favor of the defendant, and a demurrer thereto was properly sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Henry I. Kowalsky, and J. H. Kann, for Appellant.

Bowden & Bowden, for Respondent.

McFARLAND, J.—This is an action to enforce a lien upon certain horses of defendant for pasturage of said horses. Judgment went for plaintiff, and defendant appeals from the judgment.

Appellant makes only two points for a reversal. First, he contends that the action cannot be maintained because it is not averred nor found that respondent was engaged in the general business of pasturing stock. This contention is not maintainable. Section 3051 of the Civil Code provides that "livery or boarding or feed stable proprietors, and persons pasturing horses or other stock have a lien, dependent on possession, for their compensation in caring for, boarding, feeding, or pasturing such horses or stock." This section expressly and unconditionally gives a lien for pasturing stock; and there is no warrant for judicially inserting into the section the additional provision that one who pastures stock of a particular person has no lien therefor unless he also pastures stock for other people.

Second. It is also contended that there should be a reversal, because the court sustained a demurrer to a cross-complaint filed by appellant. This contention cannot be maintained. It is alleged in the cross-complaint that on the twenty-second day of October, 1901, which was after the commencement of

this action, appellant tendered respondent the sum of $175 as the purchase price of the pasturage; that respondent refused to accept said sum of money; and that, by respondent's refusal to accept said money and to surrender the horses, appellant was damaged in the sum of five thousand dollars by "being prevented from racing said horses during this season." It is not necessary to examine whether this alleged possibility of profits from racing would constitute a good ground for a cross-complaint, if other averments in such pleading presented the question; but they do not. The plea contains no averment that $175 was the whole amount due on October 22, 1901. It is averred in plaintiff's complaint, and found by the court, that $175 was due on the pasturage contract on September 23, 1901; that on said last-named day respondent demanded of appellant that he pay $175 and remove the horses; and that appellant refused to do so, and has never paid said money or any part thereof. Respondent was therefore compelled to retain possession of the horses and furnish them with pasturage, or lose his lien. He commenced his action within a reasonable time thereafter, and the court found that the continued pasturage of the horses was worth a certain named sum per day. Therefore, the averment in the cross-complaint that on October 22d, after the commencement of this action, appellant tendered respondent $175, was of no consequence, and the pleading does not state facts sufficient to state a cause for a cross-complaint.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.